Hon. James A. Haynes, Jr. County Attorney, Chenango County
This is in response to your letter of April 5, 1978, wherein you ask several questions relating to the procedures to be followed in the adoption of a sanitary code by a county board of supervisors acting as a public health board.
Public Health Law, § 356 (1), in part, states that the legislative body of each county having a population of less than one hundred fifty thousand according to the 1970 Federal decennial census shall constitute the board of health of such county and shall have all the powers and duties of a board of health of a county or part-county health district.
In accordance with section 347(1) of the Public Health Law, a county board of supervisors acting as a public health board is authorized to adopt rules, regulations and orders relating to public health and may adopt a sanitary code so long as the provisions therein are not inconsistent with the State Sanitary Code. Public Health Law, §348(1) and (2) provide that such codes shall have the force and effect of law and are punishable by fine, imprisonment or both.
In regard to your inquiry as to whether a local law is required in order for a board of supervisors to adopt a sanitary code, Public Health Law, § 347(1)(a) states, in part, that such a code:
 "shall state the date on which it takes effect and a copy thereof signed by the county health commissioner or his deputy or such county officer or the elective or appointive chief executive officer of such county body exercising the rule-making functions of a board of health shall be filed as a public record in the department, in the county or part-county department of health and in the office of the county clerk and shall be published in such manner as the board of health or such county officer or body exercising the rule-making functions of a board of health may from time to time determine."
We find nothing in the statutory provision cited above or in any other section of the Public Health Law which requires a local law in the adoption of a sanitary code.
You further ask, if a local law is not required, would either a public hearing before adoption or publication in official county newspapers after adoption be required. Public Health Law, § 347
(1), in describing the powers and duties of a duly established board of health for a county or part-county health district, provides that such a board of health is authorized to "formulate, promulgate, adopt and publish rules, regulations, orders and directions * * * which shall not be inconsistent with the provisions of this chapter and the sanitary code." We find no further requirement for a hearing before a county can adopt a sanitary code.
On the question of publication, Public Health Law, § 347
(1) (a) states that a sanitary code "shall be published in such manner as the board of health or such county officer or body exercising the rulemaking functions of a board of health may from time to time determine."
Your final question asks if in the event that a local law, a public hearing or publication is not required, would a copy of the sanitary code be required to be served on an alleged violator before an attempt would be made to fine or imprison him. In light of the fact that, as stated above, publication of the sanitary code is required, your question is thereby nullified. As long as the sanitary code is enacted, filed and published in accordance with statutory provisions, no notice need be given an alleged violator prior to the time of initiating criminal prosecution against him. The commencement of an action would serve to provide notice of any alleged violation.
From all of the foregoing, we find no requirement for a local law, a public hearing or publication in official newspapers of the county in order for a county board of supervisors, acting as a public health board, to adopt a sanitary code which is not inconsistent with the State Sanitary Code. In addition, a county is not required to serve a copy of the sanitary code on an alleged violator before the commencement of an action to fine or imprison the individual.